IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEFF HURST, derivatively on behalf of SCOTTS MIRACLE-GRO COMPANY, | : : : | |
| Plaintiffs, | : : | Case No. 2:24-cv-04190 |
| v. | : : | Judge Algenon L. Marbley |
| EDITH AVILÉS, et al., | : : | Magistrate Judge Chelsey M. Vascura |
| Defendants, | : : | |
| and | : : | |
| SCOTTS MIRACLE-GRO COMPANY, | : : | |
| Nominal Defendant. | : : | |
| IN RE THE SCOTTS MIRACLE-GRO COMPANY DERIVATIVE LITIGATION, | : : : | |
| | : : | Case No. 2:24-cv-03636 |
| | : : | Judge Algenon L. Marbley |
| | : : | Magistrate Judge Chelsey M. Vascura |

**OPINION & ORDER**

This matter is before this Court on Plaintiff Jeff Hurst's Unopposed Motion for Consolidation. (ECF No. 9). Specifically, the Motion moves to consolidate this matter (the "Hurst Action") with the lawsuit captioned *In re Scotts Miracle-Gro Company Derivative*, Case No. 2:24-cv-03636 (S.D. Ohio) ("the Related Action"). For the reasons set forth below, this Court **GRANTS** the Motion.

### I. BACKGROUND

The actions Plaintiff seeks to consolidate are presently pending before this Court. The *Hurst* Action Complaint was filed on November 22, 2024, derivatively and on behalf of nominal

defendant, The Scotts Miracle-Gro Company ("Scotts"). (2:24-cv-04190, ECF No. 1). It is a shareholder derivative action seeking to remedy allegations of breach of fiduciary duties and violations of Section 10(b) of the Securities Exchange Act of 1934 by individual defendants, including certain executives. (*Id.*). On March 3, 2025, this Court consolidated two other shareholder derivative actions captioned *Scott v. The Scotts Miracle-Gro Company, et al.*, Case No. 2:24-cv-03636-ALM-CMV (filed July 8, 2024) and *Ayers v. Hagedorn, et al.*, Case No. 1:24-cv-00402-JPH (filed July 30, 2024) that ultimately became the Related Action. This Court ordered that the Consolidation Order shall apply to "each shareholder derivative action arising out of the same, or substantially the same, transactions or events as these cases, which is subsequently filed in, removed to, reassigned to, or transferred to this Court." (ECF No. 9 at 3). Like the *Hurst* Action, the Related Action seeks to remedy certain alleged wrongdoings by certain current and former members of its Board of Directors and executive officers for breaches of fiduciary duties and unjust enrichment. Plaintiff's Motion is unopposed.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 42(a), if actions before a court involve a common question of law or fact, the court has the discretion to: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay. The underlying objective of consolidation "is to administer the court's business with expedition and economy while providing justice to the parties." *Advey v. Celotex Corp.*, 962 F.2d 1177, 1180 (6th Cir. 1992) (internal quotation marks and citation omitted). The Court must take care "that consolidation does not result in unavoidable prejudice or unfair advantage." *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993).

### III. LAW & ANALYSIS

For purposes of Rule 42 consolidation, questions of law and fact need not be identical. *MacLean v. Evans, Mechwart, Hambleton & Tilton, Inc.*, No. 2:09-CV-521, 2009 WL 2983072, at *2 (S.D. Ohio Sept. 14, 2009) ("[T]hese cases involve many of the same facts and legal issues . . . and that is enough to justify consolidation.") (internal quotation marks and citations omitted). Rule 42 gives the Court discretion to consolidate as long as there are some common questions of law or fact. *Id*.

The *Hurst* Action and Related Action involve some of the same parties. Specifically, both actions are on behalf of Scotts, and the cases contain overlapping named defendants. Overall, this Court finds there is significant overlap in law and fact between the cases, which strongly supports consolidation.

The Court next turns to the question of whether specific risks of prejudice and possible confusion are overborne by the savings of litigant and judicial resources achieved by consolidation. Factors that may cause prejudice and confusion include complex legal theories and factual proof. *See Choi v. Stevenson Co.*, No. 3:08–CV–0057–S, 2011 WL 1625055 (W.D. Ky. Apr. 28, 2011). Absent prejudice, consolidation is usually the most efficient method of adjudicating cases arising from common law or fact. *MacLean*, 2009 WL 2983072, at *1. Efficiency is determined by the need to analyze issues common to all parties, overlap in discovery, witnesses, and evidence. *Id*. at *2. Here, consolidation was unopposed, and both cases are already pending before this Court. This Court finds that consolidation of the *Hurst* Action and Related Action will be the most efficient method of adjudicating these related matters and will not unfairly prejudice any parties or cause any significant confusion. Therefore, this Court **GRANTS** the Motion to Consolidate. (2:24-cv-04190, ECF No. 9).

## IV. CONCLUSION

For the reasons set forth above, this Court **GRANTS** the Motion to Consolidate. (2:24-cv-04190, ECF No. 9). Accordingly, the *Hurst* Action (2:24-cv-04190), and Related Action (2:24-cv-03636) are **CONSOLIDATED** (the "Consolidated Action"). This Court hereby orders:

- The Consolidated Action will be captioned: *In re The Scotts Miracle-Gro Company Derivative Litigation*, Case No. 2:24-cv-03636-ALM-CMV.

- The Clerk of the Court is directed to administratively close *Hurst v. Avilés, et al.*, Case No. 2:24-cv-04190-ALM-CMV. This administrative closure is solely for administrative purposes and shall not operate as a dismissal on the merits of any claims or defenses.

- All future filings shall be made only in the Consolidated Action, *In re The Scotts Miracle-Gro Company Derivative Litigation*, Case No. 2:24-cv-03636-ALM-CMV.

- All papers and documents previously filed and/or served in the *Hurst* Action shall be deemed a part of the record in the Consolidated Action.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  December 10, 2025**